IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BISON RESOURCES CORPORATION,
an Oklahoma limited liability company,

    Plaintiff,

v.                                    Civil Action No. 1:16CV107
                                                          (STAMP)

ANTERO RESOURCES CORPORATION,
a Delaware corporation and
ANTERO RESOURCES APPALACHIAN CORPORATION,
a Delaware corporation and
predecessor-in-interest to defendant
Antero Resources Corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

The plaintiff, Bison Resources Corporation ("Bison Resources"), originally filed this civil action in the Circuit Court of Harrison County, West Virginia. The defendants removed this civil action to this Court citing diversity of citizenship. The plaintiff then filed a motion to remand, which is denied for the following reasons.

I.    Background

This dispute arises out of an alleged breach of rights-of-first-refusal to drill certain oil and gas leases. In 1979 and 1980, Doran & Associates, Inc. conveyed to LaMaur Development Corporation ("LaMaur") a set of mineral leases and rights-of-first-refusal to drill additional wells on those leases, including the Hazel Ash lease, the Okey Clark lease, and the West lease ("the

subject leases"). In 1993, LaMaur merged into Bison Resources, bringing the subject leases and rights-of-first-refusal with it. In 2011, the defendants entered the property of the subject leases, drilled wells, and began producing natural gas. Bison Resources alleges that the defendants did not respect its rights-of-first-refusal. Bison Resources alleges claims for violation of its rights-of-first-refusal and trespass, conversion, and tortious interference with business interests.

In the notice of removal, the defendants allege that Bison Resources is a California corporation with its principal place of business in either California or Oklahoma and that defendant Antero Resources Corporation ("Antero Resources") is a Delaware corporation with its principal place of business in Colorado. The defendants make no allegations regarding the citizenship of defendant Antero Resources Appalachian Corporation ("Antero Appalachian"), but the complaint alleges that Antero Appalachian was a West Virginia corporation until it merged into Antero Resources in 2013. The defendants allege that the amount in controversy exceeds $75,000.00, because Bison Resources seeks compensatory damages for the value of minerals extracted from the subject leases, which the defendants believe exceeds $75,000.00. In Bison Resources' motion to remand, Bison Resources argues that Antero Resources is a citizen of West Virginia because its principal place of business is in Bridgeport, West Virginia.

## II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

## III. Discussion

A corporation is "deemed to be a citizen of every State . . . [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c). A

3

corporation's principal place of business is its "nerve center." <u>Hoschar</u>, 739 F.3d at 170 (citing <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80-81 (2010)). The nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." <u>Hertz</u>, 559 U.S. at 80-81. While the nerve center will typically be "where the corporation maintains its headquarters," it must be the place where corporate officers make significant corporate decisions and set corporate policy. <u>Id.</u> at 93; <u>see also</u> <u>Hoschar</u>, 739 F.3d at 172 ("We conclude that if a corporation's day-to-day operations are managed in one state, while its officers make significant corporate decisions and set corporate policy in another, the principal place of business is the latter.").

This Court finds that Antero Resources' principal place of business is in Denver, Colorado. Antero Resources submitted an affidavit from Alvyn A. Schopp, a Regional Senior Vice President and Chief Administrative Officer for Antero Resources. ECF No. 16-1. Schopp states that Antero Resources maintains its corporate office in Denver and its "senior management team" makes significant corporate decisions and sets corporate policy from the Denver office. <u>Id.</u> at 1-2. Antero Resources maintains its corporate records at the Denver office, and that the majority of its directors live in Colorado. <u>Id.</u> at 2-3. While Bison Resources argues that Antero Resources maintains its corporate office in

Bridgeport, West Virginia, the record makes clear that Antero Resources maintains "district offices" in Bridgeport and Ellenboro, West Virginia and in Marietta, Ohio, while maintaining its corporate headquarters in Denver. <u>Id.</u> at 3-4. Employees at Antero Resources' Denver office exercise overarching direction and control over the district offices and all of the corporation's operations. <u>Id.</u> at 1-2.

In support of its motion to remand, Bison Resources offers evidence that the majority of Antero Resources' operations and employees are in West Virginia, ECF No. 12-3 at 3, that Antero Resources is constructing a new office building in Bridgeport, ECF No. 12-2, that Bridgeport is its "long-term headquarters," ECF No. 12-1 at 14, that Antero Resources is building a "state of the art wastewater treatment facility in West Virginia," ECF No. 12-1 at 7-8, and that "Antero's development plans span the next 30+ years in West Virginia."  ECF No. 12-1 at 14.  Further, Bison Resources argues that Antero Resources is actively setting corporate policy in West Virginia by directing all management to relocate there and by engaging state regulators and legislators there.  However, a corporation's principal place of business is its "nerve center," which is not necessarily where the majority of its operations are or where corporate strategy is implemented.  Rather, the nerve center is "where the corporation's high level officers direct, control, and coordinate the corporation's activities" and where

5

corporate officers make significant corporate decisions and set corporate policy. Hertz, 559 U.S. at 80-81, 93. Antero Resources' Denver office is the nerve center of all operations, and Antero Resources is, thus, a citizen of Colorado and Delaware. Accordingly, the parties are diverse, and this Court has subject matter jurisdiction in this civil action.

IV. Conclusion

For the foregoing reasons, this Court finds that subject matter jurisdiction exists under 28 U.S.C. § 1332(a). Accordingly, the plaintiff's motion to remand (ECF No. 11) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 30, 2016


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE