IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BISON RESOURCES CORPORATION,
an Oklahoma limited liability company,

      Plaintiff,

v.                                        Civil Action No. 1:16CV107
                                                         (STAMP)

ANTERO RESOURCES CORPORATION,
a Delaware corporation and
ANTERO RESOURCES APPALACHIAN CORPORATION,
a Delaware corporation and
predecessor-in-interest to defendant
Antero Resources Corporation,

      Defendants,

and

ANTERO RESOURCES CORPORATION,
a Delaware corporation,

      Third-Party Plaintiff,

v.

BISON ASSOCIATES, L.L.C.,
an Oklahoma limited liability company,
PSPI PARTNERSHIP NO. 2,
a Pennsylvania  partnership,
BROWN RESOURCES, L.L.C.,
MARK F. HARISON, partner,
PATRICIA F. HARISON, partner,
JON D. HAZLEY, partner,
SHERRY L. HAZLEY, partner,
E. CRAIG THOMPSON, partner,
VICTORIA F. THOMPSON, partner,
and BISON INTERESTS, L.L.C.,

      Third-Party Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING THIRD-PARTY DEFENDANT PATRICIA F. HARISON'S</u>**
**<u>MOTION TO DISMISS FOR LACK OF JURISDICTION,</u>**
**<u>GRANTING THIRD-PARTY DEFENDANT MARK F. HARISON'S</u>**
**<u>MOTION TO DISMISS FOR LACK OF JURISDICTION,</u>**
**<u>GRANTING THIRD-PARTY DEFENDANT VICTORIA F. HIGGINS'S</u>**
**<u>MOTION TO DISMISS FOR LACK OF JURISDICTION,</u>**

**GRANTING THIRD-PARTY DEFENDANT E. CRAIG THOMPSON'S
MOTION TO DISMISS FOR LACK OF JURISDICTION,
GRANTING ANTERO RESOURCE CORPORATION'S
MOTION FOR LEAVE TO FILE SURREPLY,
DENYING INDIVIDUAL THIRD-PARTY DEFENDANTS' MOTIONS TO STRIKE,
DENYING THIRD-PARTY DEFENDANT BISON INTERESTS, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
DENYING THIRD-PARTY DEFENDANT BISON ASSOCIATES, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND
DENYING THIRD-PARTY DEFENDANT PSPI PARTNERSHIP NO. 2'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM[1]**

## I.  Background

This civil action involves a real property dispute arising out of an alleged trespass, conversion of property, and tortious interference as to certain oil and gas leases and further involves a "right of first refusal" issue.  ECF No. 68 at 4.  The plaintiff, Bison Resources Corporation ("Bison Resources"), originally filed this civil action in the Circuit Court of Harrison County, West Virginia.  The defendants removed this case to the United States District Court for the Northern District of West Virginia citing diversity of citizenship.  ECF No. 1.  The Honorable Irene M. Keeley then transferred this civil action to the undersigned judge. ECF No. 4.

Defendant/third-party plaintiff Antero Resources Corporation ("Antero") filed its third-party complaint with claims for express

---

[1]This Court issued a letter (ECF No. 173) to counsel of record in this civil action to set forth tentative rulings on the pending motions discussed in this opinion. While the Court's letter indicates that this Court would deny the motion to dismiss by third-party defendant Mark F. Harison for lack of jurisdiction (ECF No. 64), this Court now finds, following further research, that granting the motion to dismiss by third-party defendant Mark F. Harison for lack of jurisdiction (ECF No. 64), is appropriate.

and implied indemnification, contribution, breach of warranty, and subrogation against third-party defendants, Bison Associates, L.L.C., PSPI Partnership No. 2 and/or its partners,[2] Charles R. Brown, Terri A. Brown, Mark F. Harison, Patricia F. Harison, Jon D. Hazley, Sherry L. Hazley[3], E. Craig Thompson, Victoria F. Thompson, and Bison Interests, L.L.C. ECF No. 49.

Third-party plaintiff, Antero Resources Corporation, advances agency, predecessor/successor relationship, and alter ego theories in paragraphs 44-46 of its third-party complaint (ECF No. 49) in an attempt to establish a binding relationship between the individual partners, Patricia F. Harison, Mark F. Harison, Victoria F. Higgins[4], and E. Craig Thompson, and the commercial entities, Bison

---

[2]On August 11, 2017, defendant Antero and third-party defendants Charles R. Brown and Terri A. Brown filed a stipulation substituting Brown Resources, L.L.C. ("Brown Resources") for Charles R. Brown and Terri A. Brown as third-party defendants. ECF No. 104. Further, the parties agree that Antero need not file an amended third-party complaint reflecting the substitution and that Brown Resources waives service of process. Accordingly, all claims against third-party defendants Charles R. Brown and Terri A. Brown were dismissed without prejudice. ECF No. 105. The caption of this case hereinafter should reflect the substitution of Brown Resources, L.L.C. for Mr. and Mrs. Brown.

[3]This Court finds that the individual third-party defendants, Jon D. Hazley and Sherry L. Hazley, have never been served and are thus not a party to this civil action. The Court notes that there is no discussion about the Hazleys in the motions to dismiss. However, as stated in a footnote within a response to a separate motion, "[u]pon information and belief, the Hazleys are deceased." ECF No. 123 at 3 n.2.

[4]Formerly known as Victoria F. Thompson (ECF No. 100 at 2 n.1).

Interests, L.L.C., Bison Associates, L.L.C., and PSPI Partnership No. 2.

Individual third-party defendants, Patricia F. Harison, Mark F. Harison, Victoria F. Higgins, and E. Craig Thompson, filed motions to dismiss the third-party complaint (ECF No. 49) by Antero as it relates to them for lack of jurisdiction. These individuals argue that they have no legally meaningful connection to the State of West Virginia nor has Antero alleged such a connection other than naming them as individual third-party defendants as partners. The individuals argue that the Court does not have personal jurisdiction over them, Antero cannot establish either general or specific personal jurisdiction, and personal jurisdiction does not exist solely because the Court possesses supplemental jurisdiction over related claims.

Antero states in its response (ECF No. 92), "as a threshold matter, Federal Rule of Civil Procedure 8(a) does not require a party to plead personal jurisdiction." Antero argues that each of these third-party defendants has had sufficient contacts with West Virginia to establish general or specific personal jurisdiction in accordance with due process. Antero asserts that for more than 20 years these third-party defendants have established contacts with West Virginia through assignments of multiple property interests, and each currently owns working interests in oil and gas leases in West Virginia. In addition, each has been a signatory on multiple documents related to the Ash, Clark, and West Leases in West

4

Virginia, which are at issue in this action. ECF No. 92 at 2. Moreover, Antero argues these individuals are "agents of and subject to joint and several liability with PSPI," asserting that "Mr. Harison signed the Assignment, Bill of Sale and Conveyance at the heart of the Third-Party Complaint on behalf of PSPI and Bison Associates, L.L.C.". ECF No. 92 at 2.

Individual third-party defendants, Patricia F. Harison, Mark F. Harison, Victoria F. Higgins, and E. Craig Thompson, filed replies to Antero's response and assert the following arguments in support of dismissal: (1) the Court did not have personal jurisdiction over these individuals at the time the third-party complaint was commenced; (2) general jurisdiction does not exist given these individuals have not owned working interests in West Virginia oil and gas assets in excess of 15 years; (3) the actions that occurred from 1996 to 2011 are irrelevant and not sufficient to confer general personal jurisdiction; (4) specific jurisdiction does not exist since these individuals did not have any contact with West Virginia at the time of the events underlying the dispute; (5) Antero's "partnership" theory is misguided and does not support a finding of personal jurisdiction; and (6) exercise of personal jurisdiction over these individuals would be constitutionally unreasonable.

Defendant Antero, pursuant to Local Rule of Civil Procedure 7.02(b)(3), filed a motion for leave to file a surreply in response to the motions to dismiss for lack of personal jurisdiction by Mark

F. Harison, Patricia F. Harison, E. Craig Thompson, and Victoria F. Higgins. Defendant asserts leave of court is proper because Antero seeks to respond to arguments made for the first time, including "that these Third-Party Defendants are no longer partners in Third-Party Defendant PSPI Partnership No. 2." ECF No. 131. Antero asserts "[e]ach of these Third-Party Defendants has had sufficient contacts with West Virginia to establish personal jurisdiction in accordance with due process" and "[c]ontrary to the argument made for the first time in these Third-Party Defendants' reply briefs, courts should not assess jurisdictional contacts solely at the moment the third-party complaint is filed but also as they existed prior to and at the time the claim arose." ECF No. 131-1 at 2. Further, Antero contends that "these Third-Party Defendants have sufficient minimum contacts to satisfy due process either as partners in PSPI Partnership No. 2 ("PSPI") or because they are alter egos of the other Third-Party Defendants." Id.

Third-party individual defendants Mark F. Harison, Patricia F. Harison, E. Craig Thompson, and Victoria F. Higgins filed motions to strike (ECF Nos. 132, 133, 134, 135) the surreply filed by Antero asserting that, "[c]ontrary to its assertions, [Antero] does not introduce new arguments in the briefing appended to its Motion, and [Antero] has had a full and fair opportunity to brief and argue this issue to the Court – an issue which is ripe for decision." ECF No. 132 at 2-3. Third-party defendants contend that Antero

simply "reiterates the very facts and issues presented to the Court prior to, and during, oral argument on November 16, 2017." Id.

Antero filed a response (ECF No. 143) to the individual third-party defendants' motions to strike Antero's motion for leave to file surreply, and asserts that in its surreply, Antero responds to arguments made by these individual third-party defendants for the first time during oral argument on the motions to dismiss. ECF No. 143.

Third-party defendants, Bison Interests, L.L.C., Bison Associates, L.L.C., and PSPI Partnership No. 2, filed motions to dismiss Antero's third-party complaint for failure to state a claim. These entities argue that they are separate legal entities and not signatories to the "BRC-Antero" contract. These entities assert "Antero's alleged claims are borne out of the Assignment, Bill of Sale and Conveyance," and argue that Antero's third-party complaint fails to articulate any basis upon which this Court should "pierce the corporate [or limited liability] veil." ECF No. 68 at 5. These parties argue that "[t]he entirety of Antero's allegations against Bison and PSPI are contained in three paragraphs of its Third-Party Complaint which generically assert a right to recovery from the third-party defendants but contain no factual information that asserts why liability could be imputed to the Third-Party Defendants for Plaintiff's claims in this civil action and lack and explanation of how or why the corporate form of Bison and PSPI should be disregarded in this civil action in light

of the clear contract between BRC and Antero." ECF No. 87 at 2-3. Ultimately, these three third-party defendants assert that because they are "separate legal entities, not parties to the contract between BRC and Antero, they are entitled the protections afforded to distinct legal entities under the settled law of corporations." ECF No. 87 at 4.

Antero states in its response (ECF No. 93) that the third-party complaint states claims upon which relief may be granted by asserting that Bison Associates and PSPI are assignors under the assignment,[5] bill of sale and conveyance with express indemnity, warranty, and subrogation provisions, and that Bison Interests is the successor-in-interest of Bison Associates and PSPI and the surviving/active Bison successor entity. ECF No. 93 at 2. Antero asserts that it "has alleged facts regarding the relationships of Bison Associates, PSPI, and Bison Interests to the Assignment, Bill of Sale and Conveyance and to each other sufficient to establish the liability of each of these Third-Party Defendants." ECF No. 93 at 14 n.2.

Bison Associates, PSPI, and Bison Interests did not file replies to the responses by Antero in opposition to the motions to

---

[5]Antero filed its "Corrected Notice of Filing Assignment, Bill of Sale and Conveyance" as ECF No. 125, stating, "the copy of the Assignment, Bill of Sale and Conveyance attached to the Notice of Filing on October 20, 2017, ECF No. 118, is not the version of the Assignment, Bill of Sale and Conveyance recorded in Deed Book 1492, Page 642 with the Clerk of the County Commission of Harrison County, West Virginia and attached to the Third-Party Complaint as Exhibit C. This mistake in the original Notice of Filing was inadvertent and was recently discovered." ECF No. 125 at 2.

dismiss for failure to state a claim upon which relief can be granted.

Further, this Court held oral argument on the third-party defendants' motions to dismiss, particularly regarding the requests for dismissal for lack of personal jurisdiction and for dismissal under Rule 12(b)(6), on November 16, 2017. ECF No. 117.

Now before the Court are seven pending motions: (1) motion to dismiss by third-party defendant Patricia F. Harison for lack of personal jurisdiction (ECF No. 62); (2) motion to dismiss by third-party defendant Mark F. Harison for lack of personal jurisdiction (ECF No. 64); (3) motion to dismiss by third-party defendant Victoria F. Higgins for lack for lack of personal jurisdiction (ECF No. 79); (4) motion to dismiss by third-party defendant E. Craig Thompson for lack of personal jurisdiction (ECF No. 81); (5) motion to dismiss for failure to state a claim by Bison Interests, LLC (ECF No. 66); (6) motion to dismiss for failure to state a claim by Bison Associates, LLC (ECF No. 86); and (7) motion to dismiss for failure to state a claim by PSPI Partnership No. 2 (ECF No. 88).

The motions have been fully briefed and the parties' pending motions to dismiss are ripe for decision.

## II.  Applicable Law

### A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence.  Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

Under a "long-arm" statute, such as West Virginia Code § 56-3-33,[6] a state may enable its courts to exercise personal

---

[6]Section 56-3-33 states, in pertinent part:

(a)  The engaging by a nonresident, or by his duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state . . . for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1)  Transacting any business in this state;
(2)  Contracting to supply services or things in this state;
. . .

jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead, the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

---

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

W. Va. Code § 56-3-33 (emphasis added).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

If the defendant's contacts with the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state." Id. A plaintiff establishes general jurisdiction by

showing that the defendant's activities in the state have been "continuous and systematic." <u>Id.</u> (citing <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414 & n.9 (1984)).

B. <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For

purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

## III. <u>Discussion</u>

Following its review of the fully briefed motions, and the memoranda and exhibits submitted by the parties, and for the reasons set forth below, this Court finds as follows:

1.  Motion to dismiss by third-party defendant Patricia F. Harison for lack of personal jurisdiction (ECF No. 62) is granted.

2.  Motion to dismiss by third-party defendant Mark F. Harison for lack of personal jurisdiction (ECF No. 64) is granted.

3.    Motion to dismiss by third-party defendant Victoria F. Higgins for lack for lack of personal jurisdiction (ECF No. 79) is granted.

4.    Motion to dismiss by third-party defendant E. Craig Thompson for lack of personal jurisdiction (ECF No. 81) is granted.

5.    Motion for leave to file surreply in response to motions to dismiss for lack of personal jurisdiction by Antero Resources Corporation (ECF No. 131) is granted.

6.    Motions to strike (ECF Nos. 132, 133, 134 and 135) Antero Resources Corporation's motion for leave to file surreply to Mark F. Harison, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins's motions to dismiss are denied.

7.    Motion to dismiss for failure to state a claim by Bison Interests, LLC (ECF No. 66) is denied.

8.    Motion to dismiss for failure to state a claim by Bison Associates, LLC (ECF No. 86) is denied.

9.    Motion to dismiss for failure to state a claim by PSPI Partnership No. 2 (ECF No. 88) is denied.

A.    <u>Individual Third-Party Defendants' Federal Rule of Civil Procedure 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction</u>

The individual third-party defendants, Mark F. Harison, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins, have challenged this Court's jurisdiction over their persons, arguing that they do not have contacts with the State of West Virginia sufficient to create jurisdiction in this Court over them in this case.  Thus, they request that this Court dismiss them from the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In support of these motions, these defendants argue that Antero

cannot establish general or specific jurisdiction over them in this civil action.

Further, the third-party defendants aver that the only connection that defendants have with the state and/or this case whatsoever, is their tangential connection as partners or former partners in PSPI Partnership No. 2. These individuals assert that the third-party complaint fails to allege facts that would show they have engaged in any activity purposefully directed at West Virginia, either individually or as partners in PSPI Partnership No. 2.

As previously stated, it is the burden of the plaintiffs in response to a challenge to personal jurisdiction to establish, by a preponderance of the evidence, that personal jurisdiction exists over the challenging defendants. Initially, it is clear to this Court that these individual defendants do not have nearly enough contacts with the State of West Virginia to establish general jurisdiction over them within the state, and third-party plaintiff Antero has failed to satisfy its burden. Any connection that these defendants may have whatsoever with West Virginia is sparse and only tangential in that the connection is solely related to other defendants in this action who may be subject to suit in West Virginia. See Carefirst of Md., Inc., 334 F.3d at 397 (4th Cir. 2003). Further, this Court finds that any connections to West Virginia which would serve as the basis for general jurisdiction over these individual third-party defendants are tenuous in that

these individuals have not owned working interests in West Virginia oil and gas assets in excess of 15 years and the actions that occurred from 1996 through 2011 are too remote and insufficient to confer general personal jurisdiction. Thus, in order to establish personal jurisdiction over these individual third-party defendants, Antero would need to prove that specific personal jurisdiction exists over Mark F. Harison, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins by showing evidence of elements of the three-pronged test above-described.[7] This Court, having found no basis for general personal jurisdiction over these individual third-party defendants, will now address the issue of specific personal jurisdiction as it relates to the individuals' motions to dismiss Antero's third-party complaint.

1. Individual Third-Party Defendants Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins's Federal Rule of Civil Procedure 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction

Third-Party plaintiff Antero states in its third-party complaint that "Bison Resources Corporation, Bison Associates, L.L.C., PSPI Partnership No. 2 and/or its partners Charles R. Brown, Terri A. Brown, Mark F. Harison, Patricia F. Harison, Jon D. Hazley, Sherry L. Hazley, E. Craig Thompson, Victoria F. Thompson,

_____

[7]"(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

and Bison Interests, L.L.C. are real or apparent agents of one another such that the acts of one are binding on the others." ECF No. 49 at 9. Antero also states "Bison Resources Corporation, Bison Associates, L.L.C., PSPI Partnership No. 2, and Bison Interests, L.L.C. are alter egos of Charles R. Brown, Terri A. Brown, Mark F. Harison, Patricia F. Harison, Jon D. Hazley, Sherry L. Hazley, E. Craig Thompson, and Victoria F. Thompson such that the liability of the entities may be imposed on the individuals." ECF No. 49 at 10. Antero has offered argument attempting to satisfy its burden of proving that this Court has jurisdiction over individual third-party defendants, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins, by asserting that these individuals are holding themselves out as partners of PSPI Partnership No. 2, and that they held substantial connections to West Virginia, to this lawsuit, and connections to the chain of title for the Ash lease, the Clark lease, and the West lease that are at the heart of this litigation.

This Court finds that Antero's argument does not support a finding that these three individual third-party defendants, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins, purposefully availed themselves of the protections and benefits of West Virginia law such that it would be constitutionally "reasonable" for this Court to exercise jurisdiction over them in this case. Antero merely asserts that these individuals "are real or apparent agents of one another such that the acts of one are

binding on the others" and that the above-named third-party defendant entities are "alter egos" of these individuals "such that the liability of the entities may be imposed on the individuals." ECF No. 49 at 9, 10. Antero contends that these individuals should be held liable for the actions of other third-party defendant individuals or third-party defendant entities under this "alter ego" theory. However, this Court simply finds no basis for this contention or theory of specific personal jurisdiction over these individuals. There has been no showing by Antero that individual third-party defendants, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins, purposefully availed themselves of the protections and benefits of West Virginia law such that it would be constitutionally "reasonable" for this Court to exercise jurisdiction over them in this case. Further, counsel for these individual defendants asserted during oral argument on the pending motions that these individuals are no longer partners in PSPI Partnership No. 2 and transferred any interests in property connected to this lawsuit that they may have had.

Thus, this Court finds that Antero, as the third-party plaintiff, has failed to satisfy its burden to establish, by a preponderance of the evidence, that personal jurisdiction exists over Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins. Accordingly, this Court finds that it cannot exercise personal jurisdiction over these individual third-party defendants

and grants Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins's motions to dismiss Antero's third-party complaint.

    2.   <u>Individual Third-Party Defendant Mark F. Harison's Federal Rule of Civil Procedure 12(b)(2) Motion to Dismiss For Lack of Personal Jurisdiction</u>

In the typical case, the contacts of a company are not attributed to a corporate agent for jurisdictional purposes. <u>ePlus Tech., Inc. v. Aboud</u>, 313 F.3d 166, 177 (4th Cir. 2002) (citing <u>Calder v. Jones</u>, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). Further, the acts of a corporate officer or employee taken in his corporate capacity within the jurisdiction generally do not form the predicate for jurisdiction over him in his individual capacity. <u>Columbia Briargate Co. v. First Nat. Bank in Dallas</u>, 713 F.2d 1052, 1056 (4th Cir. 1983). When a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, "under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally." <u>Id.</u> at 1064-65; <u>see also</u> <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 106 (3d Cir. 2004) (stating "jurisdiction over . . . [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction"). Each partner is generally an agent of the partnership for the purposes of its business, and thus, a partner's activities in carrying on partnership business in the usual way may confer personal jurisdiction over the partnership

entity. <u>Sher v. Johnson</u>, 911 F.2d 1357 (9th Cir. 1990); <u>see also</u> <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1389 n.4 (1st Cir. 1995). However, minimum contacts must be established with each partner, as personal jurisdiction must be established over each partner in a partnership individually. <u>Clark v. Milam</u>, 830 F. Supp. 316, 325 (S.D. W. Va. 1993) (citing <u>Ytuarte v. Gruner & Jahr Printing and Publishing Co.</u>, 935 F.2d 971, 972-73 (8th Cir. 1991); <u>Sher v. Johnson</u>, 911 F.2d 1357, 1365-66 (9th Cir. 1990)). The <u>Sher</u> court explained that liability and jurisdiction are distinct and independent, stating "[l]iability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum. [citation omitted]. Regardless of their joint liability, jurisdiction over each defendant must be established individually." <u>Sher</u>, 911 F.2d at 1365. Although a corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation, the Court must still make a determination as to whether that individual's contacts with the state were such that due process permits the exercise of personal jurisdiction over him. <u>Balance Dynamics Corp. v. Schmitt Indus., Inc.</u>, 204 F.3d 683, 698 (6th Cir. 2000) (citing <u>Polo Fashions, Inc. v. Craftex, Inc.</u>, 816 F.2d 145, 149 (4th Cir. 1987)).

During oral argument, Antero referenced an "an e-mail at the heart of the claim for misrepresentation that Mark Harison sent to

folks on May 5th, 2012, and that e-mail described this series of transactions" and argues that this email serves as basis for personal jurisdiction over Mark F. Harison.  This Court notes that this email was not attached as an exhibit to Antero's response in opposition to the third-party defendants' motion to dismiss, but rather found to be attached as an exhibit in support of Antero's response in opposition to the commercial entities' motion to dismiss the third-party complaint for failure to state a claim upon which relief can be granted.  ECF No. 93-1.  Also during oral argument, Antero referenced another email allegedly from Mark F. Harison.  This email has not been made part of the record.  Antero argues that Mark F. Harison is an agent of and subject to joint and several liability with PSPI, asserting that "Mr. Harison signed the Assignment, Bill of Sale and Conveyance at the heart of the Third-Party Complaint on behalf of PSPI and Bison Associates, L.L.C.".  ECF No. 92 at 2.

This Court has reviewed the email at issue and finds that it deals with an offer made to Antero, subject to a mutually acceptable purchase agreement, to purchase an interest in certain acreage at issue in this civil action.  The email indicates that Mark Harison personally reviewed the land holdings and identified "leases that have Marcellus shale rights."  ECF No. 93-1.  The email also states, "[t]here were no further reservations in any of these assignments."  Id.  This Court notes that the email subject line is titled "WV Acreage for sale" and is signed "Mark F.

Harison, President, Bison Resources Corporation, Manager, Bison Associates, LLC." Id.

This Court finds that the email (ECF No. 93-1) relates to the allegations contained in Antero's third-party complaint, but only relates to Mark Harrison in a professional capacity as "President" of a corporation and "Manager" of a limited liability corporation, not as an individual. Id. Further, as to the "Assignment" (ECF No. 125-1) at issue, Mark F. Harison signed on behalf of Bison Associates, LLC as the Assignor under the title "President, Bison Resources Corporation, Manager" (ECF No. 125-1 at 4) and on behalf of PSPI Partnership No. 2 under the title "President, Bison Resources Corporation, Manager of Bison Associates, LLC, General Partner" (ECF No. 125-1 at 5). Mark Harison's contacts, which were in his capacity as "President," "Manager," and "Partner," do not support a finding that Mark Harison purposefully availed himself personally of the protections and benefits of West Virginia law such that it would be constitutionally reasonable for this Court to exercise specific personal jurisdiction over him in this case.

In this particular case, Mark Harison is named as an individual third-party defendant in his capacity as a "partner" of PSPI Partnership No. 2. This Court finds that the actions connecting Mark Harison to West Virginia, which are few, were done in an official, rather than personal, capacity. Further, this Court finds that those contacts are not such that due process permits the exercise of personal jurisdiction over Mark Harison. Thus, this Court finds that Antero, as the third-party plaintiff,

23

has not established, by a preponderance of the evidence, that personal jurisdiction exists over Mark Harison. Accordingly, this Court finds that it cannot exercise personal jurisdiction over this individual third-party defendant based on his conduct connected to this civil action. This Court finds that requiring Mark Harison to defend his interests in West Virginia on the basis of specific personal jurisdiction offends traditional notions of fair play and substantial justice, and accordingly, grants Mark Harison's motion to dismiss Antero's third-party complaint.

B.  Third-Party Defendants Bison Interests, LLC, Bison Associates, LLC, and PSPI Partnership No. 2's Federal Rule of Civil Procedure 12(b)(6) Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

This Court has construed the third-party complaint in the light most favorable to Antero for the purposes of these motions to dismiss. In doing so, this Court finds that the third-party complaint makes sufficient factual allegations against third-party defendants, Bison Interests, LLC, Bison Associates, LLC, and PSPI Partnership No. 2, to survive the third-party defendants' Rule 12(b)(6) motions to dismiss.

Antero's third-party complaint asserts that Bison Associates, L.L.C., PSPI Partnership No. 2 and/or its partners, and Bison Interests, L.L.C. as the surviving/active Bison Successor entity made misrepresentations, including but not limited to the representations in the assignment, bill of sale and conveyance and that these third-party defendants made misrepresentations

24

throughout the negotiation process, including but not limited to Mr. Harison's statement that "[t]here were no further reservations in any of these assignments". ECF No. 49. Antero contends that Bison Associates and PSPI are assignors under the assignment, bill of sale and conveyance with express indemnity, warranty, and subrogation provisions, and that Bison Interests is the successor-in-interest of Bison Associates and PSPI and the surviving/active Bison successor entity. ECF No. 93 at 2.

This Court finds that Antero has alleged facts regarding the relationships of Bison Associates, PSPI, and Bison Interests to the assignment, bill of sale and conveyance and to each other sufficient to survive the third-party defendants' motions to dismiss.

## IV. Conclusion

As stated above, and for the reasons stated above, it is ORDERED as follows: Motion to dismiss by third-party defendant Patricia F. Harison for lack of personal jurisdiction (ECF No. 62) is GRANTED. Motion to dismiss by third-party defendant Mark F. Harison for lack of personal jurisdiction (ECF No. 64) is GRANTED. Motion to dismiss by third-party defendant Victoria F. Higgins for lack for lack of personal jurisdiction (ECF No. 79) is GRANTED. Motion to dismiss by third-party defendant E. Craig Thompson for lack of personal jurisdiction (ECF No. 81) is GRANTED. Motion for leave to file surreply in response to motions to dismiss for lack of personal jurisdiction by Antero Resources Corporation (ECF No. 131) is GRANTED. Motions to strike Antero Resources Corporation's

motion for leave to file surreply to Mark F. Harison, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins's motions to dismiss (ECF Nos. 132, 133, 134 and 135) are DENIED. Motion to dismiss for failure to state a claim by Bison Interests, LLC (ECF No. 66) is DENIED. Motion to dismiss for failure to state a claim by Bison Associates, LLC (ECF No. 86) is DENIED. Motion to dismiss for failure to state a claim by PSPI Partnership No. 2 (ECF No. 88) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter as to defendants Patricia F. Harison, Mark F. Harison, E. Craig Thompson and Victoria F. Higgins.

DATED:   February 2, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE