IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BISON RESOURCES CORPORATION,
an Oklahoma limited liability company,

    Plaintiff,

v.                                                  Civil Action No. 1:16CV107
                                                                                 (STAMP)

ANTERO RESOURCES CORPORATION,
a Delaware corporation and
ANTERO RESOURCES APPALACHIAN CORPORATION,
a Delaware corporation and
predecessor-in-interest to defendant
Antero Resources Corporation,

    Defendants,

and

ANTERO RESOURCES CORPORATION,
a Delaware corporation,

    Third-Party Plaintiff,

v.

BISON ASSOCIATES, L.L.C.,
an Oklahoma limited liability company,
PSPI PARTNERSHIP NO. 2,
a Pennsylvania partnership,
BROWN RESOURCES, L.L.C.,
MARK F. HARISON, partner,
PATRICIA F. HARISON, partner,
JON D. HAZLEY, partner,
SHERRY L. HAZLEY, partner,
E. CRAIG THOMPSON, partner,
VICTORIA F. THOMPSON, partner,
and BISON INTERESTS, L.L.C.,

    Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT ANTERO'S MOTION FOR SUMMARY JUDGMENT,**
**GRANTING DEFENDANT ANTERO'S COUNTERCLAIM FOR**
**DECLARATORY JUDGMENT AS FRAMED AND**
**DENYING THIRD-PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
**AND OTHER PENDING MOTIONS AS MOOT**

I. Background

A. Procedural History

This civil action involves a real property dispute arising out of an alleged trespass, conversion of property, and tortious interference as to certain oil and gas leases and further involves a "right of first refusal" ("ROFR") issue. The plaintiff, Bison Resources Corporation ("Bison Resources"), originally filed this civil action in the Circuit Court of Harrison County, West Virginia. The defendant, Antero Resources Corporation ("Antero"), removed this case to the United States District Court for the Northern District of West Virginia citing diversity of citizenship. ECF No. 1. The Honorable Irene M. Keeley then transferred this civil action to the undersigned judge. ECF No. 4.

Subsequently, this Court entered a memorandum opinion and order denying plaintiff's motion to remand (ECF No. 11) finding that subject matter jurisdiction exists under 28 U.S.C. § 1332(a), and entered a memorandum opinion and order denying Antero's motion to dismiss. ECF No. 42. As part of its answer, defendant Antero filed a counterclaim for declaratory judgment (ECF No. 46). Additionally, after consideration of the individual third-party defendants' motions to dismiss the third-party complaint by Antero as it relates to them for lack of personal jurisdiction, this Court entered a memorandum opinion and order granting the motions to dismiss by the individual third-party defendants, Mark F. Harison, Patricia F. Harison, E. Craig Thompson and Victoria F. Higgins,

finding that they do not have contacts with the State of West Virginia sufficient to create personal jurisdiction in this Court over them in this case. ECF No. 188.

Defendant Antero filed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the claims of plaintiff Bison Resources and Antero further requested this Court grant its counterclaim. ECF No. 179. Plaintiff Bison Resources filed a response in opposition. ECF No. 193. Antero filed a reply. ECF No. 198.

Third-party defendants Bison Associates, L.L.C. ("Bison Associates"), Brown Resources, L.L.C. ("Brown Resources"), PSPI Partnership No. 2 ("PSPI"), and Bison Interests, L.L.C. ("Bison Interests"), filed motions for summary judgment. ECF Nos. 177, 181, 183, and 185. Third-party plaintiff Antero filed an omnibus response in opposition to the third-party defendants' motions for summary judgment. ECF No. 194. The third-party defendants replied. ECF Nos. 197 and 199.

On April 2, 2018, the parties appeared by counsel for a pretrial conference in the above-styled civil action. Following the pretrial conference, the Court directed the parties to submit supplemental briefs regarding the issues raised during the pretrial conference, including the issues of judicial estoppel as raised by Antero, and a supplemental response to Antero's motion for summary judgment with consideration of the additional documents turned over by Antero as raised by Bison Resources. ECF No. 254. At the

pretrial conference, and by agreement of the parties, the trial date in this civil action was vacated and continued generally pending the supplemental briefing and resolution of the issues raised by the parties. Id. Further, as pronounced at the pretrial conference, and without objection, the third-party claims asserted in the above-styled civil action, as well as the Court's rulings on the pending motions for summary judgment, were stayed by order as premature. Id.

Following the conference and pursuant to this Court's order granting the parties' requests, Bison Resources filed a supplemental memorandum in opposition to Antero's motion for summary judgment (ECF No. 257) and Antero filed a supplemental brief in support of its motion (ECF No. 258). Bison Resources then filed a response to Antero's supplemental brief (ECF No. 259). Antero filed a response to Bison Resources' supplemental memorandum (ECF No. 260). Bison Resources filed its reply to Antero's response (ECF No. 261). Antero then filed its reply to Bison Resources' response (ECF No. 262).

The contentions of the parties are now fully briefed and Antero's pending motion for summary judgment is ripe for disposition.

B. Facts

In 1979 and 1980, Doran & Associates, Inc. ("Doran") conveyed to LaMaur Development Corporation ("LaMaur") working interests in previously drilled boreholes on a set of mineral leases, along with

"right[s] of first refusal to drill any additional wells which may be drilled upon the oil and gas lease[s]." ECF Nos. 180-2 at 2, 180-11 at 2, and 180-21 at 1. These conveyances included the Hazel Ash lease, the Okey Clark lease, and the West lease (collectively "the subject leases"). In 1993, LaMaur merged into Bison Resources. In 1996, Bison Resources assigned its rights, titles, and interests in the subject leases to Mr. and Mrs. Harison and Mr. and Mrs. Thompson. In 2001, Mr. and Mrs. Harison and Mr. and Mrs. Thompson assigned their rights, titles, and interests in the subject leases to Bison Associates. In 2012, Bison Associates and PSPI assigned their right, title, and interest in the subject leases to Antero and excepted only Bison Associate's wellbore interests and an overriding royalty interest. ECF No. 180-27. After acquiring interests in the subject leases, Antero entered those properties, drilled new wells deeper into the boreholes to reach the Marcellus shale, and began producing natural gas. Bison Resources then filed this civil action alleging that Antero did not provide Bison Resources with prior notice before drilling the new wells or offer Bison Resources an opportunity to drill in accordance with its rights of first refusal. Bison Resources alleges claims for violation of its rights of first refusal, trespass, conversion, and tortious interference.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is

perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

Following its review of the fully briefed motions, the parties' supplemental briefing, and the memoranda and exhibits submitted by the parties, and for the reasons set forth below, this Court finds that Bison Resources cannot prevail on any of its claims because it does not have a valid right of first refusal. Accordingly, Antero's motion for summary judgment (ECF No. 179) is granted.

A.  Law of the Case Doctrine

As an initial matter, this Court must first consider plaintiff's argument regarding the law of the case doctrine. In

response to Antero's motion for summary judgment, Bison Resources asserts that Antero's argument that Bison Resources does not have valid rights of first refusal is trumped by the law of the case doctrine, requiring denial of Antero's motion for summary judgment. ECF No. 193 at 12. In support, plaintiff states that "these legal arguments were previously rejected in this Court's ruling on [Antero's] Motion to Dismiss, where virtually identical argument was presented by [Antero] to this Court." Id. at 13.

The law of the case does not apply to interlocutory rulings. See Winchester Homes, Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053, 1058 n.8 (4th Cir. 1994) (noting that a final judgment is required "to sustain the application of the rule of the law of the case") (citations omitted); Plotkin v. Lahman, No. 98-1638, 1999 WL 259669, at 1 (4th Cir. Apr. 30, 1999) (per curiam) (citing Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) (stating "[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case")); Columbia Gas Transmission, LLC v. Ott, 984 F. Supp. 2d 508, 523 (E.D. Va. 2013); Maraschiello v. City of Buffalo Police Dep't, 709 F.3d 87, 97 (2d Cir. 2013) (law of the case does not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss).

In this action, this Court finds that the law of the case doctrine does not apply to the interlocutory memorandum opinion and

order denying Antero's motion to dismiss (ECF No. 42). Moreover, this Court's order denying Antero's motion to dismiss clearly reflects that the Court's holdings were based on the allegations of the complaint viewed in the light most favorable to Bison Resources. This Court expressly stated in its holding, "[a]ccordingly, this Court finds that, based on the allegations in the complaint, the rights of first refusal were not extinguished by merger of interests in the subject leases or by transfer." ECF No. 42 at 8. Further, this Court stated in its decision, "[t]aking the complaint's allegations as true, Bison Resources holds rights of first refusal to drill new wells on the subject leases." ECF No. 42 at 12. In its decision, this Court appropriately construed the complaint in the light most favorable to Bison Resources for the purposes of deciding the motion to dismiss. At this time, this Court finds that its previous opinion denying Antero's motion to dismiss is an interlocutory order that remains open to the Court for reconsideration, and does not constitute the law of the case.

B. <u>Rights of First Refusal</u>

Next, this Court must analyze Antero's argument that the rights of first refusal were personal to Doran and LaMaur. First, Antero contends that the ROFR were personal to Doran and LaMaur, and nothing in the 1979 assignments between those entities burdened or benefitted their successors or assigns. Second, Antero asserts that if the ROFR were not personal to Doran and LaMaur, they violate the rule against perpetuities. Third, Antero argues that

9

any ROFR were conveyed to Antero because there is no express exception or reservation of the ROFR in favor of Bison Resources beyond the 1979 assignments. Finally, Antero posits that the ROFR would have been extinguished through merger, as Antero now holds all right, title, and interest to the Marcellus depths in the subject leases. For these reasons, Antero argues that Bison Resources does not have a valid ROFR. ECF No. 180 at 9-13.

It is undisputed that the rights of first refusal were expressly and clearly stated in the assignments from Doran to LaMaur. In 1979 and 1980, Doran expressly conveyed to LaMaur, working interests in 900-foot boreholes on a set of mineral leases, along with "right[s] of first refusal to drill any additional wells which may be drilled upon the oil and gas lease[s]." ECF Nos. 180-2 at 2, 180-11 at 2, and 180-21 at 1. Among others, these conveyances included the Hazel Ash lease, the Okey Clark lease, and the West lease which are the subject of this litigation. LaMaur then merged into Bison Resources Corporation in 1993. ECF No. 180-7.

Plaintiff contends that under California law applicable at the time of merger, all of the assets and rights of a corporation transferred by operation of law upon a corporate merger under Section 1110, et seq., of the California Corporations Code. Antero asserts, however, that the 1979 assignments between Doran and LaMaur were personal and did not burden or benefit their successors or assigns. Antero then argues in the alternative that, "[e]ven if

10

the ROFR did pass by merger of LaMaur into [Bison Resources] in 1993, [Bison Resources] does not address Antero's argument that the ROFR would have been extinguished through subsequent assignments of the Subject Leases from [Bison Resources] to the Harisons and Thompsons and subsequent assignments from Doran of the acreage burdened by the ROFR." ECF No. 198 at 5.

Rights of first refusal are presumed to be personal and are not ordinarily construed as transferable or assignable unless the particular clause granting the right refers to successors or assigns or the instrument otherwise clearly shows that the right was intended to be transferable or assignable. <u>Park Station Ltd. P'ship, LLP v. Bosse</u>, 378 Md. 122, 835 A.2d 646 (2003) (citing <u>Roemhild v. Jones</u>, 239 F.2d 492, 495 (8th Cir. 1957)). "When a restrictive agreement will be regarded as a personal covenant and when as one creating a right which passes with the land to a purchaser thereof is a question which cannot be answered categorically." <u>Chappell v. Winslow</u>, 144 F.2d 160, 161 (4th Cir. 1944). The determinative factor is "whether it was intended for the benefit of the land retained or intended to subserve some purpose personal to the covenantee." <u>Id.</u> "While the law generally favors the assignability of contractual rights, contracts that are deemed 'personal' cannot be assigned or devised." Jonathan F. Mitchell, Comment, <u>Can a Right of First Refusal be Assigned?</u>, 68 U. Chi. L. Rev. 985, 986–87 (2001) (footnote omitted) (citing <u>Sweeney v. Lilly</u>, 198 W. Va. 202, 479 S.E.2d 863, 866 (1996)).

11

The West Virginia Supreme Court of Appeals has recognized that a ROFR is personal to the parties named in the instrument creating the right. Smith v. VanVoorhis, 170 W. Va. 729, 732, 296 S.E.2d 851, 854 (1982); see also, Allegheny Country Farms, Inc. v. Huffman, 237 W. Va. 355, 787 S.E.2d 626 (2016). Further, several courts have held that a ROFR will not inure to the burden or benefit of the original parties' successors and assigns unless the document creating the ROFR expressly provides that the right extends to the heirs or assigns. See, e.g., Stratman v. Sheetz, 60 Ohio App. 3d 71, 74, 573 N.E.2d 776, 778 (1989); Gilmore v. Jordan, 132 A.D.3d 1379, 1380, 17 N.Y.S.3d 545 (N.Y. App. Div. 2015); DWG Oil & Gas Acquisitions, LLC v. S. Country Farms, Inc., 238 W. Va. 414, 419, 796 S.E.2d 201, 206 (2017) ("[E]xception or reservation must be expressed in certain and definite language.").

Here, each of the 1979 assignments expressly defines the "Assignor" as "Doran & Associates, Inc., a Pennsylvania corporation" and the "Assignee" as "LaMaur Development Corporation, a California corporation." Because the 1979 assignments do not include references to successors or assigns, this Court finds that the ROFR were clearly meant to be personal between Doran and LaMaur, binding on themselves only. Further, this Court finds that there is no express exception or reservation of the ROFR in favor of Bison Resources beyond the 1979 assignments between Doran and LaMaur, and that no conveyance to Antero for the subject leases referenced, excepted, or reserved any ROFR in favor of Bison

12

Resources. Based on the plain and unambiguous language of the 1979 assignments, this Court finds that the ROFR are personal rights that did not transfer to LaMaur's claimed successor, Bison Resources, or to Doran's assigns, both of which ultimately culminate in Antero. As Antero points out, it makes no difference that Bison Resources claims to be a successor by merger to LaMaur under California Corporation Code § 1110 because the 1979 assignments define the Assignee as LaMaur alone without reference to successors or assigns, and thus, the ROFR are personal rights that do not run to Bison Resources. ECF No. 180 at 13 n.9. Because there is nothing in the assignments to indicate that the right of first refusal was meant to be anything other than a personal right between Doran and LaMaur, binding on themselves only and not their heirs and assigns, this Court is compelled to conclude that the right of first refusal was extinguished upon the merger of LaMaur and Bison Resources.

Even if, under California law applicable at the time of merger, all of the assets and rights of Lamaur were transferred by operation of law upon a corporate merger, Bison Resources does not address Antero's argument that the ROFR would have been extinguished through subsequent assignments of the subject leases from Bison Resources to the Harisons and Thompsons and subsequent assignments from Doran of the acreage burdened by the ROFR, or that the ROFR would have been extinguished when Doran conveyed the subject leases as part of subsequent large package deals, thereby

13

changing the nature of the leasehold interests burdened by the ROFR. Bison Resources concedes that the ROFR are not property interests themselves, but are agreements as to the manner in which vested interests may be utilized. ECF No. 193 at 3. In this case the ROFR would be considered restraints on alienation. Following the reasoning set forth in <u>Easley Coal Co. v. Brush Creek Coal Co.</u>, 91 W. Va. 291, 112 S.E. 512 (1922), the ROFR, as restraints on alienation, are governed by rules of strict construction and do not exist unless they have been clearly and definitely provided for in a written instrument. Because the language creating the purported ROFR must be strictly construed under <u>Easley</u>, the ROFR have been extinguished because they do not inure to the benefit or burden of Doran or LaMaur's successors and assigns. No rights of first refusal were excepted or reserved for any successors in clear and definite terms.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. <u>Id.</u> at 322. If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element

of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

This Court finds that the ROFR in the 1979 assignments between Doran and LaMaur were personal to those entities and were extinguished by subsequent merger and conveyances that changed the parties that would be burdened by and benefit from the ROFR.

Antero asserts an alternative argument that if the ROFR between Doran and LaMaur were not personal, they are void against Antero because they violate the rule against perpetuities and finds that such analysis is unnecessary. ECF No. 14 at 26. This Court need not analyze Antero's alternative argument regarding the rule against perpetuities given its prior finding that the ROFR were personal between Doran and LaMaur.

Further, Antero argues that this Court should find that Bison Resources is judicially estopped from taking the position that it holds ROFR because "such position is wholly inconsistent with the rights asserted and which formed the basis for the jury verdict and Partial Judgment Order for BILLC in the State Court Action." ECF No. 258 at 12. However, the doctrine of judicial estoppel is "an extraordinary remedy that should be invoked only when a party's assertion of a contrary position will result in a miscarriage of justice and only in those circumstances where invocation of the doctrine will serve its stated purpose." Phoenix Petroleum Co. v. St. Mary's Ref. Co., No. CIV.A. 1:04CV128, 2005 WL 3535159, at *9 (N.D. W. Va. Dec. 23, 2005) (citations omitted). This Court finds

it unnecessary to determine whether or not the elements of judicial estoppel have been met under the three-part test in Zinkand v. Brown, 478 F.3d 634 (4th Cir. 2007), and makes no findings regarding the same.

Bison Resources also filed a motion to strike and for sanctions. ECF No. 195. Plaintiff requests that Antero's "Motion for Summary Judgment (ECF Nos. 179-180) and that the Affidavit of Rady (ECF No. 194-6; as well as associated argument contained in ECF No. 194) be stricken, and that [Antero] be taxed with the costs of this Motion and further sanctioned as deemed appropriate by the Court." ECF No. 196 at 6. Alternatively, plaintiff "requests the opportunity to file supplemental briefing" in support of its response in opposition to Antero's motion for summary judgment, after Antero has filed its reply brief. Id. Antero filed a response to plaintiff's motion to strike and for sanctions. ECF No. 201. This Court, following the pretrial conference in this civil action, granted plaintiff's request and afforded plaintiff the opportunity to "initiate the briefing on the additional documents in support to its response in opposition to Antero's motion for summary judgment," and entered an order setting a briefing schedule on the issue raised by Bison Resources. ECF No. 254. Thus, plaintiff's motion (ECF No. 196) is now moot.

Lastly, as previously pronounced at the pretrial conference in this civil action, this Court finds that the third-party defendants' motions for summary judgment (ECF Nos. 177, 181, 183,

16

and 185) are premature as they are premised upon a finding of liability as to Antero. Thus, for the reasons previously stated, this Court lifts the stay on these motions and finds that the third-party defendants' motions for summary judgment are now moot.

IV. Conclusion

For the reasons set forth above, Antero's motion for summary judgment (ECF No. 179) is GRANTED. Accordingly, the third-party defendants' motions for summary judgment (ECF Nos. 177, 181, 183, 185, 187) are DENIED AS MOOT. Third-party defendants' motion for an extension of time to file cross-claims or counterclaims (ECF No. 120) is DENIED AS MOOT. Bison Resource's motion to strike and for sanctions (ECF No. 195) is DENIED. All pending motions in limine (ECF Nos. 202, 203, 204, 205, 206, 207, 208, 209, 210, 211) are hereby DENIED AS MOOT.

Additionally, the defendant's counterclaim for declaratory judgment (ECF No. 46, ECF No. 180 at 25) is GRANTED and the Court DECLARES that Antero owns the rights to the Marcellus depths in the subject leases, the Ash Lease, the Clark Lease, and the West Lease, free and clear of the rights of first refusal asserted by Bison Resources Corporation because they have been extinguished and are no longer valid.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 21, 2018

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE